PER CURIAM.
Florida Constitution Art. V. § 12, F.S.A., creates a Judicial Qualifications Commission and directs this Court to make rules providing for the procedure before the Commission.
By its opinion effective October 8, 1970, 240 So.2d 465, this Court approved and
adopted a complete revision of the rules of the Commission. In lieu of the aforementioned rules adopted October 8, 1970, to become effective upon the filing of this opinion, the following rules governing the Florida Judicial Qualifications Commission are hereby approved and adopted:
FLORIDA JUDICIAL QUALIFICATIONS COMMISSION RULES
RULE 1. SCOPE AND TITLE.
These rules apply to all proceedings before the Judicial Qualifications Commission involving the discipline, retirement or removal of justices of the supreme court, and judges of the district courts of appeal, circuit courts and county courts, pursuant to section 12, Article V of the Constitution of the State of Florida. These rules shall be known as Florida Judicial Qualifications Commission Rules and may be abbreviated as “FJQCR”.
RULE 2. DEFINITIONS
In these rules, unless the context or subject matter otherwise requires:
(a)Commission” means the Judicial Qualifications Commission.
(b) “Judge means a justice of the supreme court and a judge of a district court of appeal, circuit court and county court.
(c) “Chairman” includes the acting chairman.
(d) “Counsel” means the lawyer designated by the Commission to gather and present evidence before the Commission with respect to the charges against a judge and to represent the Commission before the Supreme Court in connection with any proceedings before said court.
(e) “Shall” is mandatory and “may” is permissive.
(f) “Mail” and “mailed” include ordinary mail and personal delivery.
*11 (g) The masculine gender includes the feminine gender.
RULE 3. MEMBERSHIP AND JURISDICTION
(a) The membership of the Commission shall be as prescribed in Section 12 of Article V of the Constitution of the State of Florida and for such term as prescribed by general law. When a judge ceases to be a judge of the court from which he was appointed or whenever any member becomes otherwise ineligible to hold office, his membership on the Commission shall terminate and a successor shall be selected by the original appointing authority for the remainder of his term.
(b) The Commission shall have such jurisdiction and powers as are necessary to conduct the proper and speedy disposition of any investigation or hearing, including the power to compel the attendance of witnesses, to take or cause to be taken the deposition of witnesses to order the production of books, records or other documentary evidence and the power of contempt. Any member of the Commission shall have the power to administer oaths and affirmations to witnesses in any matter within the jurisdiction of the Commission.
RULE 4. OFFICERS OF COMMISSION
The Commission shall elect a Chairman and a Vice-Chairman, each of whom shall serve for a term of two years. The Vice-Chairman shall act as the chairman of the Commission in the absence of the Chairman. The Commission may select an executive secretary.
RULE 5. QUORUM OF COMMISSION
A quorum for the transaction of business by the Commission shall be seven members of the Commission except as otherwise provided in these rules.
RULE 6. COMPLAINT AND INVESTIGATION
(a) The Commission, upon receiving a statement under oath, not obviously unfounded or frivolous, alleging facts indicating that a judge is guilty of willful or persistent failure to perform his duties, or conduct unbecoming a member of the judiciary, or that he has a disability seriously interfering with the performance of his duties, which is, or is likely to become, permanent in nature, shall make such an investigation by one or more members to determine whether formal proceedings should’ be instituted and a hearing held. The Commission may make such investigation on its own motion.
(b) The judge has no right to be present or to be heard during an investigation, but before the Commission determines that there is sufficient cause to warrant formal proceedings, the judge shall be notified of the investigation, the nature of the charge, and the name of the person making the statement, if any, or that the investigation is on the Commission’s own motion, and shall be afforded reasonable opportunity to make a statement before the full Commission, or at least three members thereof, personally or by counsel, verbally or in writing, sworn or unsworn, explaining, refuting or admitting the alleged misconduct or disability. The judge shall not have the right to present other testimony or evidence, and he shall not have the right of confrontation or cross-examination of the person making the verified statement or any person interviewed, called or interrogated by the Commission. Such notification shall be given by registered or certified mail addressed to the judge at his chambers and at his last known residence.
(c) If the investigation does not disclose sufficient cause to warrant further proceedings, the judge shall be so notified.
(d) If the investigation does disclose sufficient cause to warrant further proceedings, the Commission shall designate one or more counsel who shall be members *12 of The Florida Bar and who shall prepare appropriate papers and pleadings, gather and present evidence before the Commission with respect to the charges against the judge, and otherwise act as counsel in connection with the prosecution of the charges against the judge including the representation of the Commission before the Supreme Court in connection with any proceedings before said court.
RULE 7. FORMAL PROCEEDINGS
(a) After the investigation has been completed, if the Commission concludes that formal proceedings should be instituted it shall direct the counsel designated by the Commission without delay to give written notice to the judge advising him of the institution of formal proceedings to inquire into the charges against him. Such proceedings shall be entitled:
“BEFORE THE FLORIDA JUDICIAL QUALIFICATIONS COMMISSION
“Inquiry Concerning a Judge, No. -”
(b) The notice shall be issued in the name of the Commission and specify in ordinary and concise language the charges against the judge and alleged facts upon which such charges are based, and shall advise the judge of his right to file a written answer to the charges against him within 20 days after service of the notice upon him. A charge shall be sufficient if it recites the general language of a charge in Rule 6 and may specify the facts relied upon to support a particular charge.
(c) The notice shall be served personally on the judge. If it appears to the chairman of the Commission upon affidavit that, after reasonable effort for a period of 10 days, personal delivery could not be made, service may be made upon the judge by registered or certified mail addressed to the judge at his chambers and at his last known residence.
(d) After formal proceedings have been instituted, if the judge is represented by counsel, any notice or the furnishing of any matter may be perfected on such counsel. If no counsel, then any notice or other matter shall be mailed to the judge at his residence.
(e)Upon demand in writing by him, all papers and pleadings in such proceedings and all hearings before the Commission shall be open to the public.
RULE 8. SUSPENSION OF JUDGE
Upon the filing of formal proceeding, the Commission may, in its discretion, request the Supreme Court to suspend the judge from performing the duties of his office pending the final determination of the inquiry. ' Such request shall be confidential and concurred in by not less than nine members of the Commission. If the Supreme Court suspends the judge, such suspension shall not affect the remuneration or pay of the judge.
RULE 9. ANSWER
Within 20 days after service of the notice of formal proceedings, the judge may file with the Commission a signed original and one copy of an answer, and shall serve a copy on the counsel by mail.
RULE 10. FILING
Unless otherwise provided herein, all papers and pleadings shall be filed in duplicate with the Judicial Qualifications Commission office in the Supreme Court Building, Tallahassee, Florida, and a copy served on the counsel.
RULE 11. SETTING FOR HEARING
(a) Upon the filing of an answer or upon the expiration of the time for its filing, the Commission shall order a hearing to be held before it concerning the discipline, retirement or removal of the judge. The Commission shall set a time and a place in the county in which the judge involved resides for a hearing, and shall give notice of such hearing by mail to the judge *13 and to the counsel at least 20 days prior to the date set.
(b) Not less than three members shall be present when the evidence is produced.
RULE 12. PROCEDURE
(a) In all formal proceedings, the Florida Rules of Civil Procedure shall be applicable except as otherwise provided.
(b) Counsel shall, upon demand, furnish not less than 10 days prior to any hearing the following:
The names and addresses of all witnesses whose testimony the counsel expects to offer at the hearing, together with copies of all written statements and transcripts of testimony of such witnesses in the possession of the counsel or the Commission which are relevant to the subject matter of the hearing and which have not previously been furnished. When good cause is shown this rule may be waived.
RULE 13. HEARING
(a) At the time and place set for hearing, the Commission may proceed with the hearing whether or not the judge has filed an answer or appears at the hearing.
(b) In any proceeding the Commission may direct the judge to submit to physical and mental examinations as ordered. Upon the failure of the judge to submit to such examination within the time ordered, the Commission may proceed and make such orders as provided in Rule 1.380, Florida Rules of Civil Procedure, 30 F.S. A.
RULE 14. EVIDENCE
At a hearing before the Commission, legal evidence only shall be received and oral evidence shall be taken only on oath or affirmation.
RULE IS. PROCEDURAL RIGHTS OF JUDGE
(a) In formal proceedings involving his discipline, retirement, or removal, a judge shall have the right and reasonable opportunity to defend against the charges by the introduction of evidence, to be represented by counsel, and to examine and cross-examine witnesses. He shall also have the right to the issuance of subpoenas for attendance of witnesses to testify or produce books, papers, and other evidentiary matter.
(b) When a transcript of the testimony has been prepared at the expense of the Commission, a copy thereof shall be furnished' without cost to the judge. The judge shall have the right, without any order or approval, to have all or any portion of the testimony in the proceedings transcribed at his expense.
(c) If the judge is adjudged insane or incompetent, the Commission shall appoint an attorney ad litem unless the judge has a guardian who will represent him. The guardian or attorney ad litem may claim and exercise any right and privilege and make any defense for the judge with the same force and effect as if claimed, exercised, or made by the judge, if competent, and whenever these rules provide for serving or giving notice or sending any matter to the judge, a copy of such notice or matter also shall be served, given, or sent to the guardian or attorney ad litem.
RULE 16. AMENDMENTS TO NOTICE OR ANSWER
The commission, at any time prior to its determination, may allow or require amendments to the notice of formal proceedings and may allow amendments to the answer. The notice may be amended to conform to proof or to set forth additional facts, whether occurring before or after the commencement of the hearing.- In case such an amendment is made, the judge *14 shall be given reasonable time both to answer the amendment and to prepare and present his defense against the matters charged thereby.
RULE 17. EXTENSION OF TIME
The chairman of the Commission may extend the time for filing an answer; for the commencement of a hearing before the Commission.
RULE 18. HEARING ADDITIONAL EVIDENCE
The Commission may order a hearing for the taking of additional evidence at any time while the matter is pending before it. The order shall set the time and the place of the hearing in the county in which the judge resides and shall indicate matters on which the evidence is to be taken. A copy of such order shall be sent by mail at least 10 days prior to the date of hearing.
RULE 19. COMMISSION VOTE
If the Commission finds cause, it shall recommend to the Supreme Court the discipline, retirement, or removal of the judge. The affirmative vote of nine members of the Commission, including a majority of those who were present at the hearing or hearings when the evidence was produced, is required for a recommendation of discipline, retirement, or removal of a judge.
RULE 20. RECORD OF COMMISSION PROCEEDINGS
The Commission shall keep a record of all formal proceedings concerning a judge. The Commission’s determination shall be entered in the record and notice thereof shall be mailed to the judge and to the counsel. In all formal proceedings resulting in a recommendation to the Supreme Court for discipline, retirement, or removal, the Commission shall prepare a transcript of the evidence and of all proceedings therein and shall make written findings of fact and conclusions of law with respect to the issues of fact and law in the proceedings.
RULE 21. CERTIFICATION OF COMMISSION RECOMMENDATION TO SUPREME COURT
Upon making a determination recommending the discipline, retirement, or removal of a judge, the Commission shall promptly file a copy of the recommendation certified by the chairman or secretary of the Commission, together with the transcript and the findings and conclusions, with the Clerk of the Supreme Court and shall promptly mail to the judge and to the counsel notice of such filing, together with a copy of such recommendation, findings, and conclusions.
RULE 22. REVIEW OF COMMISSION PROCEEDINGS
(a) A petition to the Supreme Court to modify or reject the recommendation of the Commission for discipline, retirement, or removal of a judge may be filed by the judge within 30 days after the filing with the clerk of the Supreme Court of the certified copy of the Commission’s recommendation. The petition shall be verified, shall be based on the record, shall specify the grounds relied on, and shall be accompanied by petitioner’s brief together with proof of service on the Commission of two copies, and on the counsel of one copy, of the petition and the brief. Within 20 days after service of petitioner’s brief, the Commission shall file a respondent’s brief and serve a copy thereof on the judge. Within 20 days after service of respondent’s brief the petitioner may file a reply brief, two copies of which shall be served on the Commission and one copy shall be served on the counsel.
(b) Failure to file a petition within the time provided shall be deemed a consent to *15 the determination on the merits based upon the record filed by the Commission.
(c) To the extent necessary to implement this Rule and if not inconsistent herewith, the Florida Appellate Rules shall be applicable to reviews by the Supreme Court of Commission proceedings.
RULE 23. SUBPOENAS
Subpoenas for the attendance of witnesses and the production of documentary evidence in any proceedings shall be issued as follows:
(a) Judicial Qualifications Commission. Subpoenas for the attendance of witnesses and the production of documentary evidence before the Commission, or for discovery in a proceedings, shall be issued by the chairman or any member of the Commission and shall be served in the manner provided by law for the service of process.
(b) Confidential Proceedings. A subpoena shall not name the judge against whom charges are pending, but shall style the proceedings as set out in Rule 7(a).
(c) Contempt. Any person who, without adequate excuse, fails to obey such a subpoena served upon him may be cited for contempt of the Commission in the manner provided in these rules.
RULE 24. CONFIDENTIALITY OF PROCEEDINGS
(a) Subject to the provisions of Rule 7, all papers and pleadings filed with and the proceedings before the Commission shall be confidential until a record recommending discipline, retirement, or removal is filed by the Commission in the Supreme Court, at which time the record shall be made public, excepting a record filed by the Commission in the Supreme Court, recommending private reprimand, shall remain confidential.
(b) All notices, papers, and pleadings mailed to a judge pursuant to these rules shall be enclosed in a cover marked “confidential”.
(c)Every witness in every proceeding under these rules shall be sworn to tell the truth and not to disclose the existence of the proceeding or the identity of the judge until the proceeding is no longer confidential under these rules. Violation of the oath shall be an act of contempt of the Commission.
RULE 25. DEFAMATORY MATERIAL
The filing of papers with or the giving of testimony before the Commission shall be privileged in any action for defamation. No other publication of such papers or proceedings shall be so privileged, except that the record filed by the Commission in the Supreme Court continues to be privileged.
RULE 26. INTERESTED PARTY
A judge who is a member of the Commission or of the Supreme Court shall be disqualified from participation in such capacity in any proceedings involving his own discipline, retirement, or removal.
RULE 27. DISQUALIFICATION OF MEMBERS OF COMMISSION
(a) Whenever any judge against whom formal proceedings have been instituted, as provided in these Rules, shall make and file with the Commission an affidavit that he fears that he will not receive a fair hearing before the Judicial Qualifications Commission on the charges because of the prejudice of one or more members of the Commission against him, and the facts stated as the basis for making the said affidavit shall be supported in substance by affidavit of at least two reputable citizens of the State of Florida not of kin to the judge or his attorney, or if any member of the Commission shall voluntarily recuse himself, such member or members of the Commission shall proceed no further therein and shall be disqualified from hearing *16 said charges. Every such affidavit of a judge shall state the facts and the reasons for the belief that any such prejudice exists, shall specify the members of the Commission allegedly prejudiced, and shall be filed not more than IS days after service of the notice of formal proceedings upon the judge charged. The Commission shall make ad hoc appointments of a person or persons to take the place of the member or members of the Commission so disqualified, but each member so disqualified may participate in the action of the Commission in making such ad hoc appointments. Each ad hoc appointee shall be from the same category as the disqualified members as set forth in section 12(a) of Article V of the Constitution of the State of Florida. The judge may, within 15 days after receiving notice of any ad hoc appointment, file a like affidavit as to said appointee which shall be supported in substance by affidavit of two citizens as set forth above, in which event said ad hoc appointee shall not be disqualified on account of alleged prejudice against said judge unless said appointee admits that it is then a fact that he is prejudiced against said judge, or unless a majority of the Commission, which may include any ad hoc appointee, holds that said appointee is prejudiced against the judge; in which event the same ad hoc appointment procedure set forth above shall be followed until a qualified person has been appointed.
(b) A judge moved against by the Commission may, by affidavit, suggest the disqualification of a member or members of the Commission unsupported by two citizens, but in such event the determination of the matter of disqualification shall be by majority vote of the Commission unless the person sought to be disqualified voluntarily disqualifies himself.
RULE 28. CONTEMPT
If the Commission shall find that a person is in contempt under these rules, such persons shall be cited for contempt in the following manner:
(a) A contempt may be punished summarily by the Commission if the conduct constituting the contempt was committed in the actual presence of a member of the Commission. In all other cases, the chairman of the Commission shall issue a rule to show cause why the person so accused should not be held in contempt of the Commission. The order shall specify the time and place of the hearing before the Commission, with reasonable time allowed for filing answer and preparation of the defense. The chairman of the Commission may issue an order of arrest if he has reason to believe the respondent will not appear in response to the order.
(b) Confidentiality. Confidentiality shall be preserved in the contempt proceeding by styling all pleadings as set out in Rule 7(a).
(c) Appellate review. A judgment in such contempt proceedings may be appealed by such party. The petition for review shall be filed with the Supreme Court within 30 days after entry' of judgment to be reviewed. The record shall consist of all pleadings, papers, sentences, and orders in the contempt proceedings and all of same shall be forwarded to the Supreme Court by the Commission within 15 days after the filing with the Commission of two copies of the petition for review. The petition for review shall be accompanied by petitioner’s brief, together with proof of services of two copies of such brief on the Commission. Within 20 days after service of petitioner’s brief, the Commission may file a respondent’s brief and serve a copy thereof on the petitioner. To the extent necessary to implement this Rule and if not inconsistent herewith, the Florida Appellate Rules shall be applicable to review by the Supreme Court of contempt proceedings.
RULE 29. EXCLUSION
Nothing in these rules nor in the procedure herein established shall be construed to authorize any encroachment upon or im *17 pairment of any rights of a judge or widow of a judge, now or hereafter existing under any constitutional or statutory retirement program.
It is so ordered.
CARLTON, C. J., and ROBERTS, ERVIN, ADKINS, BOYD, McCAIN and DEKLE, JJ., concur.